1  JOHN HENRY WRIGHT
   Nevada Bar No. 6182
2  THE WRIGHT LAW GROUP, P.C.
   2340 Paseo Del Prado, Suite D-305
3  Las Vegas, Nevada 89102
   Telephone: (702) 405-0001
4  Facsimile:  (702) 405-8454
   Email: john@wrightlawgroupnv.com
5  Attorneys for Plaintiffs

6            UNITED STATES DISTRICT COURT

7              DISTRICT OF NEVADA

8

9  TOP RANK BUILDERS, INC., a Nevada          CASE NO.:
   Corporation; and EFRAIN RENE MORALES
10 MORENO, individually, and as the sole officer
   and shareholder of TOP RANK BUILDERS,
11 INC.,
                                              **COMPLAINT (JURY DEMANDED)**
12              Plaintiff,

13 vs.

14 CHARLES ABBOTT ASSOCIATES, INC., a
   California Corporation; WILLIAM B.
15 BROWNING, an individual; AMERICAN
   WIND & SOLAR, INC., a Nevada
16 Corporation; SUNDANCE BUILDERS, LLC,
   a Nevada Limited Liability Company;
17 THOMAS R. FRANK, an individual;
   COUNTY OF NYE, a political subdivison of
18 the State of Nevada; DOES, I through X,
   inclusive; and ROE ENTITIES XI through
19 XX, inclusive,

20              Defendants.

21

22
       Plaintiffs, TOP RANK BUILDERS, INC. and EFRAIN RENE MORALES MORENO, file
23
   their complaint and allege against above-named defendants as follows:
24
                         **NATURE OF THE CASE**
25
       1.     This lawsuit alleges that the "building official" of the Pahrump Building & Safety
26
   Department, a privatized government office, engaged in self-dealing and initiated a conspiracy to
27
   use the public office for private gain, to the detriment of Plaintiffs, in a manner which was not in
28

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

the best interests of the resident's of Nye County, Nevada. The building official was employed by a private corporation which operated under an exclusive contractual agreement with Nye County, Nevada, a political subdivision, to establish, maintain and staff the building and safety services office located in Pahrump, Nevada.

2.      The building official is alleged to have engaged in a pattern and practice of wrongful conduct which included, but was not limited to, operating a private construction business and using "front" construction business(es) to engage in construction activity within the jurisdiction of the the Pahrump Building & Safety Department. The building official is alleged to have committed the wrongful acts, while operating within the scope of his employment with the private corporation and on behalf of the political subdivision. Plaintiffs were targeted and harmed by the wrongful conduct, which included violations of state and federal statutes and occurred under color of law. Plaintiffs allege that both the private corporation and the political subdivision knew or should have known of the building official's wrongful conduct and acted with reckless disregard for the consequences, which gave rise to this lawsuit.

**JURISDICTION**

3.      This Court has original jurisdiction over the federal question claims set forth in this matter, pursuant to 28 U.S.C. § 1331 (civil actions arising under the Constitution, laws, or treaties of the United States), 28 U.S.C. § 1343 (to redress deprivations under color of any state law and to accord recovery of damages to secure equitable or other relief under any Act of Congress providing for the protection of civil rights) and 18 U.S.C. § 1964 (to accord redress for any person injured in his business or property by reason of a violation of 18 U.S.C. Chapter 96).

4.      This Court has supplemental jurisdiction over the pendent state law claims set forth in this matter, pursuant to 28 U.S.C. § 1367, as the state law claims are so related that they form part of the same case and controversy, as the claims arising under this Court's original jurisdiction.

1

2      5.      Venue is proper, pursuant to 28 U.S.C. § 1391, as Plaintiffs reside in the District

3   of Nevada, and a substantial part of the events or omissions giving rise to the claim occurred in this

4   District.

5                                        **PARTIES**

6      6.      Plaintiff, TOP RANK BUILDERS, INC. ("Top Rank") was and is a Nevada

7   Corporation,  with its  principal place of business in Nye County, Nevada. Plaintiff, EFRAIN

8   RENE MORALES MORENO ("MORALES"), an individual, holds the positions of President,

9   Secretary, Treasurer and Director of Plaintiff TOP RANK.

10     7.      Defendant, CHARLES ABBOTT ASSOCIATES, INC. ("CAA") is a foreign

11  corporation with its principal place of business in the State of California. Defendant CAA is

12  licensed to do business in the State of Nevada and maintains its Nevada office in Clark County,

13  Nevada.

14     8.      At all times relevant hereto, Defendant, WILLIAM B. BROWNING ("Browning"),

15  was and is an agent and employee of CAA, a private entity engaged in performing public functions

16  under a building and safety services contract with the County of Nye, Nevada.

17     9.      Defendant, AMERICAN WIND & SOLAR, INC. ("American"), is a Nevada

18  Corporation, doing business in Nye County, Nevada, and BROWNING holds the positions of

19  President, Secretary and Treasurer.

20

21     10.     Defendant, WILLIAM B. BROWNING ("Browning"), an individual, is a resident

22  of the State of Nevada.

23     11.     Defendant, SUNDANCE BUILDERS, LLC ("Sundance"), is a Nevada Limited

24  Liability Company, with its principal place of business in Clark County, Nevada. Defendant,

25  THOMAS R. FRANK, is the Manager of SUNDANCE.

26     12.     Defendant, THOMAS R. FRANK ("Frank"), an individual, was and is a resident

27  of Clark County, Nevada.

28

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

13.     Defendant, COUNTY OF NYE ("NYE COUNTY"), is a political subdivision of the State of Nevada.

14.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES I-X, inclusive, and ROE ENTITIES, XI-XX, inclusive, are unknown to Plaintiffs. Therefore, Plaintiffs sue these Defendants by fictitious names. Plaintiffs are informed and believe and thereupon allege that each of the Defendants designated, herein, as DOE DEFENDANT and ROE DEFENDANT is responsible in some manner for the events and happenings enumerated and thereby proximately caused injury and damages to Plaintiffs, jointly and severally. Plaintiffs will ask leave of this court to amend this Complaint to insert the true names and capacities of DOE DEFENDANTS I-X, inclusive, and ROE DEFENDANTS XI-XX, inclusive, when Plaintiffs ascertain the identities of said DOE DEFENDANTS and ROE DEFENDANTS, together with additional charging allegations, to include such Defendants in this action.

## GENERAL ALLEGATIONS

15.     Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 14, as though fully set forth, herein.

16.     TOP RANK is a general contracting company engaged in residential and commercial construction, duly licensed by the Nevada State Contractors Board, pursuant to License No. 0074890. MORALES, the Hispanic owner of TOP RANK, is a member of an identifiable, protected class, on the basis of his race.

17.     At all times relevant, TOP RANK was listed on the Nevada State Contractors Board Active Directory of Licensed Contractors, engaged in general building construction, and operating in Nye County, Nevada.

18.     NYE COUNTY, by and through its Board of County Commissioners ("BOCC", "Board"), is the local governing body in Nye County, Nevada, whose control includes, but is not

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

limited to, The Pahrump Regional Planning Commission, the Nye County Planning Department and the Pahrump Building & Safety Department.

19.     BOCC is the local governing body, responsible for enacting ordinances and regulations under Nevada law, specific to Nye County, Nevada.

20.     BOCC is the local governing body, which establishes and maintains custom, usage and official policy, in Nye County, Nevada, under color of Nevada law.

21.     The Pahrump Regional Planning Commission ("Planning Commission") is a regional planning coalition, which develops regional policy and acts on planning-related issues, under the auspices of the BOCC, pursuant to Nevada Revised Statutes ("NRS"), Chapter 278, and Nye County Code, Chapter 16.24. The Planning Commission has the express authority and duty to grant zoning variances and special use permits.

22.     The Capital Improvements Advisory Committee for the Pahrump Regional Planning District ("Advisory Committee") was reactivated by the Nye County Planning Department. Pursuant to NRS 278B.150, a local governing body must establish a capital improvements advisory committee, in order to be able to effect certain policy decisions.

23.     The primary service area of the Advisory Committee is Pahrump, Nevada, the epicenter of economic development and construction activity in Nye County. A statutory purpose of the Advisory Committee is to make recommendations regarding land use changes and new development, including but not limited to official construction policy and practices.

24.     On or about August 16, 2011, CAA entered into a renewal of a Professional Services Agreement ("Agreement") with NYE COUNTY, to perform the public function of establishing, maintaining and staffing a building and safety services department, for a period of five (5) years, through and including August 31, 2016.

25.     Between 2006 and 2016, NYE COUNTY and CAA enjoyed the foregoing and other contractual relationships, during which time NYE COUNTY repeatedly entrusted CAA with exclusive authority, respecting the performance of public functions.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

26.     The contractual relationship between NYE COUNTY and CAA commenced on or about 1998.

27.     The scope of public services to be provided exclusively CAA, under its building and services contracts with NYE COUNTY included, but were not limited to the following:

• Implementing and carrying out the complete building and safety services program throughout Nye County, including but not limited to plan checking, permit issuance, field inspection/documentation and such public services related to the issuance of building permits and construction approvals.

• Establishing, operating, and fully furnishing all staff, materials and equipment for the Pahrump Building & Safety Department; and

• Performing such other public functions, as requested by Nye County, related to the issuance of building permits and construction approvals.

28.     At all times relevant herein, BROWNING was an employee of CAA who performed public services and functioned as the primary agent of CAA, under the Professional Services Agreement, by and between CAA and NYE COUNTY. Pursuant to the terms of the Professional Services Agreement, BROWNING acquired and held the position of "building official", subject to a mutual agreement between CAA and NYE COUNTY.

29.     At all times relevant, NYE COUNTY deferred all manner of the operation of the Pahrump Building & Safety Department to CAA and BROWNING, pursuant to the Professional Services Agreement.

30.     At all times relevant, BROWNING operated the Pahrump Building & Safety Department, as the "building official", on behalf of NYE COUNTY, and CAA delegated unfettered authority to BROWNING, allowing him to operate the department, without adequate or proper supervision.

31.     At all times relevant, NYE COUNTY and CAA employed BROWNING to function as the "building official", as defined by NRS 278.0115, of the Pahrump Building & Safety Department, charged with the exclusive administration and enforcement of building codes.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

32.    During the term of the Professional Services Agreement, NYE COUNTY and CAA allowed BROWNING, as the designated Pahrump Building & Safety Department building official, to cultivate "insider" relationships with various Nye County employees and officials.

33.    During the term of the Professional Services Agreement, NYE COUNTY held CAA and BROWNING out to the public, as having weighted authority, to approve or disapprove public building projects and activity, including but not limited to the authority to issue or withhold building permits.

34.    During the term of the Professional Services Agreement, BROWNING served on various committees, including the Capital Improvements Advisory Committee for the Pahrump Regional Planning District, as a voting administrative official and member. BROWNING was the lone representative of the Nye County Building & Safety Department, serving along with appointees from other Nye County departments, including the Director of the Planning Department, the Director of Public Works, a member of the Planning Commission and liaisons from the BOCC.

35.    During early 2014, in anticipation that the State of Nevada would soon begin accepting applications for the licensing of medical marijuana establishments, NYE COUNTY engaged in public hearing discussions and deliberations, regarding the selection process to be implemented for medical marijuana grow facilities and dispensaries in Nye County.

36.    On or about May, 2014, the special use permit ordinances were changed, making the Nye County Planning Department responsible for the medical marijuana establishment applications. At all times relevant, BROWNING, by and through his position as the Pahrump Building & Safety Department "building official", was designated as an integral party in the application and licensing processes in tandem with the Nye County Planning Department.

37.    At a June, 2014 public meeting, the Nye County District Attorney made plain that NYE COUNTY, by and through the BOCC, would control what facility came into Nye County through the special use permit and building licensing processes. As the building official,

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

BROWNING controlled the building licensing process and influenced the use permit process, directly and indirectly.

38.     During a July 2014 public hearing, prospective licensees seeking a special use permit to operate a medical marijuana establishment in Nye County made presentations to the BOCC.

39.     During the July 2014 public hearing, one of the prospective licensees, Green Cross of America, Inc. ("Green Cross"), made its presentation, seeking a Special Use Permit, pursuant to Special Use Permit Application No. SU-14-0008, to allow a medical marijuana establishment in a Light Industrial zoning district on 3.78 acres located at 5101 S. Oakridge Avenue, Pahrump, Assessor Parcel #44- 521-41 ("Oakridge"). Green Cross's presentation was made by Philip Restifo, CEO/Board of Directors/Owner/Investor.

40.     Green Cross's application and presentation detailed extensive construction, including retrofitting a facility which formerly housed a bottling plant and liquor distributing company. During the presentation, Green Cross stated that the company had already received certain construction bids. Plaintiffs were the intended contractors on Oakridge, subject to the approval of Green Cross's special use application, as Plaintiffs were currently under contract performing grading and other work for Green Cross at that site (Phase I)

41.     At the conclusion of the public hearing, Green Cross's special use application, along with those of approximately twelve (12) other cultivation facility applicants, was approved. Green Cross was eleventh in the ranking order.

42.     In or around April of 2015, MORALES engaged in business discussions with Mr. Restifo and Green Cross investors confirming their intent to retain Plaintiffs to perform the construction services necessary to build out a cultivation facility inside the bottling plant, along with other miscellaneous construction services, including but not limited to parking lot sight improvements (Phase II). Green Cross and Mr. Restifo agreed that Plaintiffs would be the general

contractors on Phase II of the Oakridge construction project, in addition to servicing other Green Cross construction needs.

43.     Due to the high quality of work performed by Plaintiffs on Phase I of Oakridge, Mr. Restifo and his investors made a definitive agreement that TOP RANK and MORALES would be the general contractor on an estimated $5.2 million medical marijuana cultivation facility project; Phase II of Oakridge.

44.     At some time after Plaintiffs reached an agreement with Green Cross and Mr. Restifo, MORALES was visiting the Oakridge job site when he observed an agent of AMERICAN and a vehicle with AMERICAN signage, parked at the Oakridge job site. MORALES observed AMERICAN'S agent looking at building plans on the Phase II job that TOP RANK and MORALES were the designated general contractors pursuant to an agreement with Green Cross..

45.     Upon inquiry, MORALES, was advised by Green Cross, through Mr. Restifo, that although Green Cross "loved [TOP RANK'S] work and prices" he had been told by BROWNING that if Green Cross replaced TOP RANK, with BROWNING, Green Cross would never have to worry about a building permit again. Mr. Restifo advised MORALES that while he knew that what BROWNING was doing was illegal, he had to play along to protect his investors and investments.    Plaintiffs were subsequently replaced on the Phase II Oakridge project at BROWNING'S instruction.

46.     Upon inquiry, MORALES, was advised by Mr. Restifo that BROWNING had indicated his intent to use SUNDANCE BUILDERS, LLC and THOMAS R. FRANK, as the "front" contractors for BROWNING and AMERICAN. Mr. Restifo advised MORALES, that BROWNING elected to use the alleged front contractor, because "if he put the project in his name it would be a conflict of interest", in light of his role as the "building official" with the Pahrump Building & Safety Department.

47.     Upon information and belief, BROWNING, acting in his role as "building official", while under the employment of CAA and on behalf of NYE COUNTY, and prior to obtaining the

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

transfer of the Phase II Oakridge contract to SUNDANCE, caused intentional delays to Mr. Restifo and Green Cross in issuing permits on their Oakridge projects in order to pressure them into contracting with BROWNING'S front company and replacing Plaintiffs. Green Cross and Mr. Restifo succumbed to BROWNING's threats and intimidation and replaced Plaintiffs.

48.    In this and other instances, BROWNING has engaged in a pattern and practice of conduct whereby he has used his public position as "building official", on behalf of NYE COUNTY, under the Professional Services Agreement, by and between CAA and NYE COUNTY, for private and personal gain, to the personal detriment to Plaintiffs and others. Upon information and belief, BROWNING has engaged in such a pattern and practice of conduct, to the detriment of Nye County residents and businesses for an extended period of time.

49.    The acts and omissions of BROWNING and his pattern and practice of conduct, while an employee of CAA, constitute conflicts of interest, as defined under the Professional Services Agreement, by and between CAA and NYE COUNTY, which provides as follows:

> "13. **CONFLICT OF INTEREST.** CAA agrees not to accept any employment or Representation during the term of this Professional Services Agreement, which is or may likely make CAA "financially interested" in any decision made by the County on any matter in connection with which CAA has been retained pursuant to this Professional Services Agreement."

50.    Upon information and belief, NYE COUNTY had actual or constructive knowledge, prior to the occurrences and events complained of by Plaintiffs, that BROWNING engaged in a pattern and practice of conduct, whereby he had used his public position as "building official", arising under the Professional Services Agreement, by and between CAA and NYE COUNTY, for private and personal gain.

51.    At no time relevant did NYE COUNTY declare a breach of the Professional Services Agreement, despite having actual or constructive knowledge of BROWNING'S repeated instances of engaging in conflicts of interests, in breach of the public trust and in violation of the rights and privileges of Nye County citizens, businesses and contractors.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

52. At no time, during the term of the Professional Services Agreement, did NYE COUNTY and CAA take any action to intervene or preclude BROWNING from using his public position as "building official" for private and personal gain to the detriment of Plaintiffs and others.

53. In another instance in 2016, BROWNING caused intentional, protracted delays in approving TOP RANK'S building permit to pour curbs on a different project and shut down the pour activity on the job site, interfering with TOP RANK and MORALES use of the "at risk" process available to similarly situated contractors.

54. BROWNING used the work stoppages and other fabricated violations he issued in the course of his employment as the "building official" as a basis for contacting other property owners interested in commencing construction jobs in Nye County as a basis for convincing those property owners to select AMERICAN or SUNDANCE and not TOP RANK for their construction projects.

55. In a further conflict of interest and abuse of his public position as "building official", BROWNING, in an attempt to disparage Plaintiffs for the purpose of obtaining a personal advantage, caused a false and meritless claim to be filed against Plaintiffs, with the Nevada State Contractors Board.

56. Despite having actual or constructive knowledge of BROWNING'S wrongful conduct and malfeasance, NYE COUNTY refused to withdraw the spurious complaint with the Nevada State Contractors Board and, proceeding therewith, required Plaintiffs to incur damages and pecuniary losses, by defending the abusive action, which resulted in the entry of a dismissal, after a formal evidentiary hearing.

57. Upon information and belief, during the term of the Professional Services Agreement, by and between CAA and NYE COUNTY, and while functioning in the public position as "building official", BROWNING engaged in construction projects and activity in Nye County, for BROWNING'S personal gain.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

58.     Defendants, BROWNING, AMERICAN and their agents interfered with Plaintiffs' business relationships and construction projects, in their private capacities for their and BROWNING'S personal gain, while BROWNING functioned in the public position as "building official", in the employ of CAA and on behalf of NYE COUNTY.

59.     Upon information and belief, at all times relevant, BROWNING has engaged in a pattern and practice of conduct, whereby he uses "insider" relationships and proprietary information, gained in his public position, such as executed contracts, lists of subcontractors and pricing information, for private and personal gain.

60.     Upon information and belief, at all times relevant and within the two (2) years preceding the filing of the instant lawsuit, BROWNING has engaged in a pattern and practice of using his public position for private gain, by perpetuating conflicts of interest through conspiratorial acts and omissions.

## FIRST CLAIM FOR RELIEF

### (Negligent Hiring and Supervision - Against CAA)

61.     Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 60, as though fully set forth, herein.

62.     CAA maintained various contracts with NYE COUNTY for over nearly (20) years to provide professional services, including the operation of the Pahrump Building & Safety Department and to perform all public functions associated with the local government office, subject to and under the laws of the State of Nevada.

63.     Pursuant to Paragraph 7 of the Professional Service Agreement entered into on or about August, 2011, by and between CAA and NYE COUNTY, CAA holds itself out, to include its employees, agents, or subcontractors, as an independent contractor.

64.     Pursuant to Paragraph 13 of the Professional Service Agreement, CAA, on behalf of itself and its employees, agreed "not to accept any employment or representation during the term of [the] Professional Services Agreement, which is or may likely make CAA "financially interested"

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

in any decision  made by the County on any matter in connection with which CAA has been retained pursuant to this Professional Services Agreement."

65.   At all times relevant, while CAA operated as an independent contractor with Nye County, BROWNING operated as an employee and agent of CAA and functioned as the Pahrump Building & Safety Department's "building official", on behalf of NYE COUNTY, under the Professional Services Agreement while also operating as a contractor in Nye County.

66.   BROWNING  was "financially interested" in business ventures and construction activity, involving Nye County decisions and matters, which constitute conflicts of interest, as defined by the Professional Services Agreement, by and between CAA and NYE COUNTY.

67.   CAA negligently hired, supervised and retained BROWNING and neglected to take appropriate action to prevent BROWNING from engaging in numerous conflicts of interests including, but not limited to, acting in concert with AMERICAN, SUNDANCE and other third-parties to engage in private construction activity in Nye County while BROWNING functioned as the public "building official", to the detriment of Plaintiffs.

68.   CAA, knew or should have known that BROWNING owned and operated the business, which openly engaged in construction activity in Nye County in direct violation of the Professional Services Agreement.

69.   Within the two (2) years preceding the filing of the instant lawsuit, BROWNING engaged in business ventures and construction activity which constituted conflicts of interest including, but not limited to, operating AMERICAN in Nye County, while functioning as the Pahrump Building & Safety Department's "building official" responsible for plan approval and inspection of work; an inherent conflict of interest.

70.   At times relevant, BROWNING interfered with and thwarted business relationships of contractors conducting business in Nye County, specifically including Plaintiffs, by using his position as the Pahrump Building & Safety Department's "building official"  to direct business to

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

AMERICAN and SUNDANCE while employed by CAA, who knew or should have known of BROWNING'S activity.

71.     CAA owed a duty to Nye County and the public, including Plaintiffs, to hire and supervise employees who maintained the public trust and CAA breached that duty by allowing BROWNING, whom CAA knew was engaged in private contracting, to violate the public trust and engage in conflicts of interest for private gain, which was not in the best interest of Nye County residents.

72.     Plaintiffs were damaged by CAA's negligent hiring, supervision and retention of BROWNING, whose acts and omissions constituted conflicts of interest arising through malicious, public dealings with Plaintiffs and his private dealings, with third parties, for private gain. Additionally, Plaintiffs' were damaged by BROWNING'S targeted actions against them including, not limited to the acts of interference with contractual relationships, interference with business relationships, abuse of process, defamation and violations of constitutional and civil rights.

73.     Plaintiffs were damaged by CAA's negligent hiring, supervision and retention of BROWNING, whose acts and omissions damaged Plaintiffs to include, but not limited to, infringing upon business opportunities, damaging business reputations, initiating meritless complaints and abusing the contractors' licensing process.

74.     Plaintiffs have been required to retain the services of attorneys to commence and prosecute this action and are entitled to reasonable attorney's fees and costs, as damages and as a cost of litigation.

## SECOND CLAIM FOR RELIEF

**(Interference with Prospective Economic Advantage - Against CAA and BROWNING)**

75.     Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 74, as though fully set forth, herein.

76.     At times relevant, during the term of the Professional Services Agreement, by and

between CAA and NYE COUNTY, BROWNING, while acting during the course of his employment with CAA, interfered with Plaintiffs' business relationships and construction projects including, but not limited to, imposing artificial building permit approval delays, issuing unwarranted work stoppage orders, competing against Plaintiffs for Nye County construction projects, initiating spurious complaints with the Nevada Contractors' Board and conspiring to replace Plaintiffs on construction project(s) through intimidation arising out of his position and actions as "building official".

77.     At times relevant, BROWNING, while acting in and during the course of his employment with CAA, used the public office of the Pahrump Building and Safety Department and his position as "building official" to gain unfair business and economic advantages against Plaintiffs, which BROWNING and his agents and co-conspirators, AMERICAN, FRANK and SUNDANCE used for personal gain.

78.     At all times relevant hereto, actual and prospective contractual relationships existed between Plaintiffs and third parties, including Green Cross, and BROWNING engaged in acts and omissions intended to harm Plaintiffs by sabotaging, interfering and preventing the relationships, while acting with his public authority in his public position. BROWNING abused his public position for the purpose of gaining private, unlawful business and economic advantages and Plaintiffs sustained actual harm as a result of BROWNING'S wrongful conduct and activity.

79.     At all times relevant, BROWNING was an employee, under the control of CAA, and BROWNING acted within the scope of his employment, in order to gain unfair business and economic advantages against Plaintiffs.

80.     Plaintiffs have been required to retain the services of attorneys to commence and prosecute this action and are entitled to reasonable attorney's fees and costs, as damages and as a cost of litigation.

///

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

**THIRD CLAIM FOR RELIEF**

**(Intentional Interference with Contractual Relations - Against CAA and BROWNING)**

81.     Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 80, as though fully set forth, herein.

82.     At times relevant, during the term of the Professional Services Agreement, by and between CAA and NYE COUNTY, BROWNING, while acting during the course of his employment with CAA, intentionally interfered with Plaintiffs' contractual relationships and construction projects, including valid and existing contracts.

83.     At times relevant, BROWNING, while acting during the course of his employment with CAA, used the public office of the Pahrump Building & Safety Department and his position as "building official" to disrupt Plaintiffs' contractual relationships for personal gain.

84.     BROWNING knew of the existence of Plaintiffs' contractual and business relationships and BROWNING'S acts were intended or designed to disrupt the same, which CAA knew or should have known.

85.     BROWNING actually disrupted Plaintiffs' contracts and damaged Plaintiffs' business reputation, resulting in harm and *per se* damage to Plaintiffs.

86.     Plaintiffs have been required to retain the services of attorneys to commence and prosecute this action and are entitled to reasonable attorney's fees and costs, as damages and as a cost of litigation.

**FOURTH CLAIM FOR RELIEF**

**(Unfair Trade Practices - NRS 598A.060 et seq - Against CAA, BROWNING, AMERICAN, FRANK and SUNDANCE)**

87.     Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 86, as though fully set forth, herein.

88.     BROWNING, AMERICAN, FRANK and SUNDANCE engaged in a conspiracy restraining construction trade and commerce in Nye County, Nevada, while BROWNING

functioned under a public, government contract to operate the Pahrump Building & Safety Department, for unlawful, private gain, within the scope of his employment with CAA.

89.     CAA, BROWNING, AMERICAN, FRANK and SUNDANCE engaged in unfair trade practices, by attempting to monopolize or otherwise combine or conspire to monopolize construction trade or commerce in Nye County, Nevada.

90.     CAA, BROWNING, AMERICAN, FRANK and SUNDANCE engaged in activity designed to substantially lessen competition or be in restraint of construction trade, in furtherance of the scheme and plan devised by Defendant BROWNING to gain a competitive advantage over Plaintiffs and other contractors operating in Nye County, Nevada.

91.     Plaintiffs have been required to retain the services of attorneys to commence and prosecute this action and are entitled to reasonable attorney's fees and costs, as damages and as a cost of litigation.

## FIFTH CLAIM FOR RELIEF

### (Deceptive Trade Practices -NRS 598.0915, NRS 41.600 - Against CAA, AMERICAN, and BROWNING)

92.     Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 91, as though fully set forth, herein.

93.     BROWNING and AMERICAN, in the course of their businesses disparaged the construction services of Plaintiffs, by making false or misleading representations of Plaintiffs' work performance, while BROWNING acted within the scope of his employment with CAA and functioned in the capacity of a Nye County building official.

94.     CAA knew or should have known of the unlawful acts and omissions of its employee, BROWNING, who engaged in a pattern and practice of using the capacity of the public office of the Pahrump Building & Safety Department, for unlawful, private gain.

95.     Defendants are guilty of oppression, fraud or malice, express or implied, by virtue

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

of their egregious conduct, in furtherance of the scheme and plan devised by BROWNING to create unfair competitive advantages, by covert abuse of the public trust for private gain and creating economic disadvantages for Plaintiffs and other Nye County contractors, warranting the imposition of punitive damages. Plaintiffs are entitled to recover costs, reasonable attorney's fees and equitable relief for damages sustained as a result of Defendants' deceptive trade practices, pursuant to NRS 41.600.

### SIXTH CLAIM FOR RELIEF

**(Civil Conspiracy - Against CAA, AMERICAN, BROWNING, SUNDANCE & FRANK)**

96.     Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 95, as though fully set forth, herein.

97.     During the term of the Professional Services Agreement, by and between CAA and NYE COUNTY, BROWNING conspired to use his public position for personal gain, while acting within the scope of his employment with CAA and functioning in the capacity of a Nye County official.

98.     Upon information and belief, BROWNING conspired with AMERICAN to compete against Plaintiffs and other contractors for construction business in Nye County, Nevada while acting within the scope of his employment with CAA and functioning in the capacity of a Nye County official.

99.     Upon information and belief, BROWNING conspired with SUNDANCE and FRANK as "fronts", to replace Plaintiffs on construction project(s) for personal gain, while acting within the scope of his employment with CAA and functioning in the capacity of a Nye County official.

100.    Upon information and belief Defendants, each of them, undertook concerted actions, individually and collectively, with the intent to aid BROWNING'S fraud and unlawful objectives, for the purpose of harming Plaintiffs and other Nye County contractors economically, including but

not limited to engaging in construction business in Nye County by means of deception, misrepresentation, fraud or use of a public office for private gain.

101. Upon information and belief, Defendants, each of them, undertook concerted action with the intent to accomplish unlawful objectives including but not limited to, aiding and abetting BROWNING in using his public position for private gain, for the purpose of harming Plaintiffs and damage to Plaintiffs resulted.

102. Upon information and belief Defendants, each of them, undertook concerted unlawful actions, by agreement, whether explicit or tacit, perpetuated by and through BROWNING'S use and abuse of the Pahrump Building & Safety Department for private gain and damage resulted to Plaintiffs and other Nye County contractors.

103. Plaintiffs have been required to retain the services of attorneys to commence and prosecute this action and are entitled to reasonable attorney's fees and costs, as damages and as a cost of litigation.

## SEVENTH CLAIM FOR RELIEF

### (Civil Racketeering - NRS 207. 400 and 207.470 Against all Defendants)

104. Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 103, as though fully set forth, herein.

105. Upon information and belief, Defendants, each of them, undertook concerted actions, individually and collectively, with the intent to aid BROWNING'S fraud and wrongful objectives, intended to harm Plaintiffs and other Nye County contractors economically, including but not limited to engaging in construction commerce in Nye County by means of deception, misrepresentation, fraud or use of a public office for private gain.

106. Plaintiffs were injured by reason of Defendants' conduct which entailed the same or similar patterns, intents, results or methods of commission or were otherwise interrelated by distinguishing characteristics, including but not limited to engaging in construction-related activity

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

in Nye County by means of deception, misrepresentation or fraud, in violation of NRS 207.400 et seq.

107.    Plaintiffs are entitled to recover treble damages, reasonable attorney's fees and costs, pursuant to NRS 207.470.

## EIGHTH CLAIM FOR RELIEF

### (Federal Racketeering - 18 U.S. Code § 1962 -Against all Defendants)

108.    Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 107, as though fully set forth, herein.

109.    BROWNING engaged in a long-term, organized pattern of racketeering activity to use his position as "building official" and the capacity of the public office of the Pahrump Building & Safety Department, for unlawful, private gain. The acts and omissions of BROWNING included, but were not limited to, intimidating businesses into conducting private business with him, in lieu of either avoiding punitive government treatment or obtaining favorable government dispensation, from Nye County public offices.

110.    BROWNING conspired with CAA, NYE COUNTY, FRANK, SUNDANCE and AMERICAN, in various over acts over an extended time with different injuries inflicted throughout the two (2) year period preceding the filing of the instant lawsuit, constituting a pattern of racketeering activity, which effected interstate commerce, in violation of 18 U.S. Code § 1962.

111.    Upon information and belief, BROWNING conspired with SUNDANCE and FRANK as "fronts", to replace Plaintiffs on construction project(s) for personal gain, in Nye County, while acting within the scope of his employment with CAA and functioning in the government capacity of the Nye County "building official".

112.    BROWNING conspired with AMERICAN to compete against Plaintiffs and other contractors for construction business in Nye County, Nevada while acting within the scope of his employment with CAA and functioning in the capacity of a Nye County "building official", through the use of threats, bribery, intimidation or extortion.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

113.    CAA and NYE COUNTY conspired with BROWNING in matters related to the Nevada State Contractors Board proceedings, complained of herein, which were initiated for the express purpose of discriminating against and harming Plaintiffs. Defendants acted in furtherance of the conspiracy, by prosecuting the false claims against Defendants to conclusion, knowing that the malicious complaint, initiated by BROWNING, was neither factually based, nor made in the public interest.

114.    As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962, Plaintiffs have been injured in their business and property by virtue of, but not limited to, interference with Plaintiffs' business relationships and construction projects, loss of business opportunities, imposition of artificial building permit approval delays, issuance of unwarranted work stoppage orders, competition against Plaintiffs for Nye County construction projects, initiation of spurious complaints with the Nevada Contractors' Board, damage to business and personal reputations, abuse of process, replacement on construction project(s) and incurrence of attorney's fees and pecuniary expenses.

115.    Plaintiffs are entitled to recover actual damages, treble damages, reasonable attorney's fees and costs, pursuant to 18 U.S. Code § 1964.

## NINTH CLAIM FOR RELIEF

**(42 U.S.C. § 1983 and § 1985 - Violation of Civil and Constitutional Rights Against NYE COUNTY, CAA and BROWNING)**

116.    Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 115, as though fully set forth, herein.

117.    At all times relevant, CAA and BROWNING operated under a Professional Services Agreement, by and between CAA and NYE COUNTY, a political subdivision of the State of Nevada, acting under color of the laws of the State of Nevada, including ordinances and regulations specific to Nye County, Nevada.

118.    Pursuant to the Professional Services Agreement, NYE COUNTY delegated the authority of a public function, powers traditionally and exclusively reserved to the state to operate

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

the Pahrump Building & Safety Department, to CAA, a private entity. NYE COUNTY authorized CAA to act as *the final decision maker,* respecting construction licensing policies and practices in Nye County, Nevada. NYE COUNTY had actual or constructive knowledge of BROWNING'S wrongful conduct and allowed CAA and BROWNING to continue to operate with exclusive authority, on behalf of NYE COUNTY, to the detriment of Plaintiffs and the public.

119.    CAA delegated its authority, as *the final decision maker,* to BROWNING and knew or should have known of BROWNING'S wrongful acts and omissions.

120.    CAA, BROWNING and NYE COUNTY, individually and collectively, deprived Plaintiffs of their rights, privileges or immunities secured  by the laws of the United States including, but not limited to, 42 U.S.C. § 1983.

121.    CAA, BROWNING and NYE COUNTY, individually and collectively, acted under color of law, contrary to the  Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution  and  denied Plaintiffs equal protection of the laws, by neglecting to treat Plaintiffs in the same manner as others in similar conditions and circumstances, pursuant to the  "class of one" doctrine. Defendants differential  treatment toward Plaintiffs was intentional, had no rational basis and  flowed from an illegitimate animus.

122.    CAA, BROWNING and NYE COUNTY, individually and collectively, acted under color of law, contrary to the  Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution and  denied Plaintiffs equal protection of the laws, by discriminating against Plaintiffs, on the basis of the identifiable class of race.

123.    CAA, BROWNING and NYE COUNTY, individually and collectively, acted under color of law, contrary to the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, and Plaintiffs  failed to advance any governmental purpose for said substantive due process violations, which lacked any substantial relation to the public health, safety, or general welfare.

124.    BROWNING was clothed with the authority of state law, while acting during the course of his employment with CAA, and used the public function of the Pahrump Building & Safety Department to discriminate against Plaintiffs, deny Plaintiffs equal protection of the laws and cause injury to Plaintiffs.  CAA and NYE COUNTY acted under color of law, individually, and knew or should have known of BROWNING'S conduct and acted with reckless indifference of the consequences to Plaintiffs and the public.

125.    The acts and omissions of BROWNING, CAA and NYE COUNTY were occasioned under color of state law and Defendants, who acted with oppression, fraud or malice, are persons under 42 U.S.C. § 1983, entitling Plaintiffs to punitive damages.

126.    Defendants, acting under color of state law, intentionally deprived Plaintiffs of cognizable federal rights and discriminated against them on the basis of MORALES'S race.

127.    Defendants subjected Plaintiffs to deprivations and damages including, but not limited to, losses from unwarranted work stoppage orders, sabotaged construction projects, artificial delays in building permit approvals, interference with contractual relationships, abuse of the Nevada State Contractors' Board licensing process and other targeted conspiracies designed to generally harm and specifically replace Plaintiffs on construction project(s).

128.    Defendants subjected Plaintiffs to a denial of substantive and procedural due process, by treating Plaintiffs differently than similarly situated individuals, as evidenced by Mr. Restifo's statement to MORALES that BROWNING "[did] not like [Morales]", when BROWNING used the authority of his public position to replace Plaintiff on a construction projects, deprive Plaintiffs of economic opportunities and damage Plaintiffs' business relationships. Additionally, Defendants, each of them, sought to deprive Plaintiffs of the utilizing the "at risk" permit process, which was available to similarly situated persons.

129.    Defendants acts, omissions and interference, with regard to Plaintiffs' property rights, had no rational relation to the public health, safety, morals or general welfare.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

130.    The official municipal custom and policy of NYE COUNTY, which allowed CAA and BROWNING to operate the Pahrump Building & Safety Department, with impunity and without adequate or proper oversight, occasioned the conduct of the Defendants, which resulted in the violation of Plaintiffs rights secured by the constitutions and laws of Nevada and the United States, including but not limited to those set forth in 42 U.S.C.§ 1983 and 42 U.S.C. § 1985.

131.    CAA, BROWNING and NYE COUNTY violated 42 U.S.C. § 1985, by engaging in acts of conspiracy, related to the Nevada State Contractors Board proceedings, complained of herein, for the purpose of depriving Plaintiffs, either directly or indirectly, of the equal protection of the laws, or of equal privileges and immunities of the laws. Defendants acted in furtherance of the conspiracy, by prosecuting the false claims against Plaintiffs to conclusion, whereby Plaintiffs were injured and deprived of rights or privileges under 42 U.S.C. § 1983.

132.    Plaintiffs have been required to retain the services of attorneys to commence and prosecute this action and are entitled to reasonable attorney's fees including, but not limited to the provisions of 42 U.S. Code § 1988 (b), as damages, and costs of litigation.

## TENTH CLAIM FOR RELIEF

### (Abuse of Process - Against NYE COUNTY, CAA and BROWNING)

133.    Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 132, as though fully set forth, herein.

134.    On or about February, 2016, while acting in his public capacity BROWNING caused a meritless "stop work order" to be issued against Plaintiffs, by and through the Pahrump Regional Planning Commission, in furtherance of his self-dealing, conspiratorial scheme.

135.    The action initiated by BROWNING resulted in the filing of a formal complaint with the Nevada State Contractors Board ("NSCB"), pursuant to Investigative Case No. 30041944 and Administrative Citation No. C-1603-3032.

136.    Plaintiffs had been permitted to precede on a construction project, based upon an express authorization and a customary Nye County practice of issuing "at risk" permits, The NSCB

matter arose when BROWNING subsequently denied providing the authorization, knowing his latter statement to be a falsehood, and caused two (2) "stop work orders" to issue.

137.    Upon information and belief, after causing Plaintiffs to be removed from the project, in his public capacity as the "building official" for the Pahrump Building & Safety Department, BROWNING undertook the project work, in his private capacity, under the auspices of AMERICAN.

138.    The NCSB complaint was initiated by BROWNING, in his capacity as an employee of CAA, on behalf of NYE COUNTY, for an ulterior purpose other than a legitimate disciplinary or licensing matter.

139.    On September 21, 2016, a formal evidentiary hearing was conducted before an administrative law judge during which BROWNING and employees of NYE COUNTY testified against Plaintiffs. BROWNING provided false testimony during the proceeding.

140.    On or about September 30, 2016, a Decision and Order issued, dismissing the causes of action and terminating the matter in favor of Plaintiffs.

141.    At times relevant prior to September, 2016, NYE COUNTY had actual knowledge of BROWNING'S wrongful acts and malfeasance. Notwithstanding the same, at no time did NYE COUNTY intervene or take action to rescind the meritless NSCB complaint. Rather, NYE COUNTY allowed Plaintiffs to be subjected to a malicious abuse of process and the breadth of the NSCB disciplinary proceeding, under color of law.

142.    BROWNING initiated the abuse of process against Plaintiffs and CAA and NYE COUNTY are liable for abuse of process, as BROWNING acted during the course of and within the scope of his employment with CAA and on behalf of NYE COUNTY. CAA and NYE COUNTY were complicit in the abuse of process and neither Defendant took any action, between February, 2016 and September, 2016, which would mitigate their respective liability.

143.    CAA and NYE COUNTY prosecuted the false claims against Plaintiffs to conclusion, knowing the same to be false.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

144.    Plaintiffs have been required to retain the services of attorneys to commence and prosecute this action and are entitled to reasonable attorney's fees and costs, as damages and as a cost of litigation.

## ELEVENTH CLAIM FOR RELIEF

### (Defamation - Against CAA and BROWNING)

145.    Plaintiffs repeat, re-allege and incorporate the allegations contained in Paragraphs 1 through 144, as though fully set forth, herein.

146.    While acting in his public capacity and within the scope of his employment, as an employee of CAA and on behalf of NYE COUNTY, BROWNING made false and defamatory statements to Plaintiffs customers and others denigrating Plaintiffs' reputation and the quality of Plaintiffs' work performance.

147.    BROWNING'S false and malicious statements were made under the guise of his official capacity as the "building official" of the Pahrump Building & Safety Department for his personal benefit and gain. CAA knew or should have known of BROWNING'S acts and omissions.

148.    BROWNING created construction project work for himself by sullying Plaintiffs' reputation and by publishing false, defamatory, unprivileged statements to third-parties, orally.

149.    BROWNING created construction project work for himself by sullying Plaintiffs' reputation and by publishing false, defamatory, unprivileged statements to third-parties, in writing, including the meritless NSCB complaint.

150.    BROWNING testified during the NSCB evidentiary hearing and provided false, defamatory testimony, as a prosecuting witness, on the bogus complaint that he initiated, in his public capacity, as the Pahrump Building & Safety Department "building official".

151.    BROWNING'S false and defamatory statements were made with actual malice, as BROWNING knew the oral and written statements to be false. As BROWNING'S statements imputed Plaintiffs' lack of fitness for their trade and business, said false statements were defamatory *per se,* under Nevada law.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1  false statements were defamatory *per se,* under Nevada law.

2      152.    Plaintiffs incurred damages include,  but are not limited to actual loss and injury to

3  their reputations, economic loss, lost business opportunities and relationships, attorney's fees and

4  other pecuniary loss .

5      153.    Plaintiffs are entitled to recover special and general damages, to compensate the

6  Plaintiffs for the harm suffered. Punitive damages are warranted to punish and deter the actual

7  malice of Defendant BROWNING and the culpable conduct of Defendant  CAA.

8

9      154.    Plaintiffs have been required to retain the services of attorneys to commence and

10 prosecute this action and are entitled to reasonable attorney's fees and costs, as damages and as a

11 cost of litigation.

12                              **PRAYER FOR RELIEF**

13     WHEREFORE, Plaintiffs pray for relief as follows:

14     1.    Entry of judgment in favor of Plaintiffs and against Defendants, each of them;

15     2.    An award of general and special damages, in excess of $75,000, according to  proof

16         at trial;

17     3.    An award of punitive damages, according to proof at trial;

18     4.    Treble damages, as are recoverable by statute;

19     5.    Reasonable attorney's fees and costs, as are recoverable by  statute; and

20     6.    All such other relief, as is just and proper in the premises.

21     DATED this 15th day of December, 2016.

22                          THE WRIGHT LAW GROUP, P.C.

23

24                    By: _____

25                          **JOHN HENRY WRIGHT, ESQ.**
                            Nevada Bar No. 6182
26                          2340 Paseo Del Prado, Suite D-305
                            Las Vegas, Nevada 89102
27                          Attorneys for Plaintiffs
                            TOP RANK BUILDERS, INC. and
28                          EFRAIN  RENE MORALES MORENO

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454