# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOP RANK BUILDERS, INC., and EFRAIN RENE MORALES MORENO, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES ABBOTT ASSOCIATES, INC.; WILLIAM B. BROWNING; AMERICAN WIND & SOLAR, INC.; COUNTY OF NYE; DOES I through X, inclusive; and ROE ENTITIES XI through XX, inclusive, <br><br> Defendants. | Case No. 2:16-cv-02903-APG-CWH <br><br><br> **ORDER GRANTING DEFENDANT NYE COUNTY'S MOTION TO PARTIALLY DISMISS** <br><br> (ECF No. 11) |

Plaintiffs Top Rank Builders, Inc. and Efrain Morales are suing Charles Abbott Associates, Inc. (CAA), William Browning, American Wind & Solar, Inc. (American), and Nye County for injuries allegedly caused by Browning abusing his position as a building official in Nye County.[1] Nye County moves to dismiss the racketeering claims against it, arguing that as a government entity, it cannot be held liable under racketeering statutes. Top Rank and Morales attempt to distinguish the cases cited by Nye County and move to amend their complaint.

The Ninth Circuit has held that government entities are incapable of forming the intent necessary to support a federal Racketeer Influenced Corrupt Organizations Act (RICO) action. While the Supreme Court of Nevada has not yet ruled on this specific issue with respect to the state racketeering statute, it has held that the statute is patterned on the federal RICO statute. The requirement of criminal intent to engage in racketeering activity is consistent across both statutes. Therefore, I grant Nye County's motion to dismiss both racketeering claims against it.

## I. BACKGROUND

In August, 2011, CAA renewed its Professional Services Agreement (PSA) with Nye County to establish, maintain, and staff a building and safety services department. ECF No. 1 at 5.

---

[1] Two other defendants, Sundance Builders, LLC and Thomas Frank, were voluntarily dismissed without prejudice. ECF No. 21.

William Browning, an employee of CAA, was employed as the "building official" of the Pahrump Building & Safety Department and was in charge of administration and enforcement of building codes. *Id.* at 6. Browning also served on the Capital Improvements Advisory Committee for the Pahrump Regional Planning District as a voting administrative official and member. *Id.* at 7. When Nye County began the selection process for licensed medical marijuana facilities in 2014, Browning was an integral party to the process alongside the Nye County Planning Department. *Id.*

Top Rank and Morales were under contract with one of the prospective licensees, Green Cross of America, Inc.. *Id.* at 8. After Green Cross won approval of its special use application, Top Rank and Morales entered into a "definitive agreement" to be the general contractor on the medical marijuana facility project. *Id.* at 8–9. At some later point, Morales visited the job site and saw an American employee looking at plans for the project. *Id.* at 9. Morales was then informed by Green Cross that Browning had told it that if it "replaced Top Rank, with Browning, Green Cross would never have to worry about a building permit again." *Id.* Green Cross told Morales that Browning intended to use another contractor as a front for Browning and American.[2] *Id.* Browning allegedly delayed issuing permits to the Green Cross project to pressure Green Cross into replacing Top Rank with Browning's front contractor. *Id.* at 10.

Top Rank and Morales allege Nye County had "actual or constructive knowledge" of Browning's conduct, which breached the PSA's requirement that no CAA employees be financially interested in matters connected to CAA's functions under the agreement. *Id.* Further, Nye County did not declare a breach of the agreement based on its knowledge of Browning's activities, nor did it take action to prevent Browning from using his position for private gain. *Id.* at 10–11.

In 2016, Browning delayed approving another work permit for Top Rank and allegedly used the delay to contact property owners and convince them to use his companies rather than Top Rank. *Id.* at 11. Finally, Top Rank and Morales allege Browning "caused a false and

---

[2] Browning is the president, secretary, and treasurer of American. ECF No. 1 at 3.

meritless claim to be filed" against Top Rank and Morales with the Nevada State Contractors Board. *Id.* Nye County refused to withdraw the complaint. *Id.*

Top Rank and Morales filed suit against CAA, Browning, American, and Nye County alleging, among other things, claims against Nye County for federal racketeering under 18 U.S.C. § 1962 and state racketeering under Nevada Revised Statutes § 207.470. Nye County moves to dismiss these racketeering claims.

## II.     ANALYSIS

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

I apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the

pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citations omitted).  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires [me] to draw on [my] judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### a. Federal RICO claim

Top Rank alleges Nye County is liable for racketeering under 18 U.S.C. § 1962.  However, government entities are not proper defendants in federal RICO actions because they are "incapable of forming [the] malicious intent necessary to support a RICO action." *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (alteration in original) (internal quotation omitted).  In addition, liability cannot be imposed "on the 'body politic' by appeals to the doctrine of *respondeat superior* or to principles of agency." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991).  Therefore, I dismiss the federal racketeering claim against Nye County.  Amendment would be futile, so I deny leave to amend. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend.").

### b. State civil racketeering claim

Nevada has not yet determined whether government entities can be liable under its civil RICO statute.  In the absence of controlling state law, I must predict how the Supreme Court of Nevada would decide the issue. *See Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).  That court has stated that "Nevada's anti-racketeering statutes . . . are patterned after the federal . . . 'RICO' statutes." *Hale v. Burkhardt*, 764 P.2d 866, 867 (Nev. 1988); *see also Allum v. Valley Bank of Nev.*, 849 P.2d 297, 298 n.2 (Nev. 1993).

The Supreme Court of Nevada noted in *Hale* that "Nevada's civil RICO statute differs in some respects from the federal civil RICO statute." 764 P.2d at 868.  However, the court did not elaborate, and went on to interpret the Nevada statute consistently with the United States Supreme Court's interpretation of the federal statute. *Id.*

In *Siragusa v. Brown*, the Supreme Court of Nevada held that, unlike the federal RICO statute, Nevada's statute did not have a "pattern/continuity requirement." 971 P.2d 801, 810–11 (Nev. 1998). The federal statute requires plaintiffs to plead a "pattern of racketeering activity," which is defined to "require at least two acts of racketeering activity." *Id.* at 810 (quoting 18 U.S.C. §§ 1961–1962). In contrast, the Nevada statute requires plaintiffs to show "racketeering activity," which "means engaging in at least two crimes related to racketeering . . . ." Nev. Rev. Stat. §§ 207.390–.400). This difference between "require" and "means" created a "critical distinction" between the pleading requirements of the state and federal statutes. *Siragusa*, 971 P.2d at 810. However, "racketeering activity" as defined in both statutes requires criminal activity. *See* 18 U.S.C. § 1961; Nev. Rev. Stat. § 207.390. Criminal intent is thus as necessary under the Nevada RICO statute as the federal RICO statute.

I predict that the Supreme Court of Nevada would follow the Ninth Circuit in holding that government entities are not proper defendants under the Nevada RICO statute. Therefore, I dismiss the state racketeering claim against Nye County. Amendment would be futile, so I deny leave to amend.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Nye County's motion to dismiss the federal and state racketeering claims against it **(ECF No. 11) is GRANTED.**

DATED this 6th day of October, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE